# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY DALE NELSON,

     Plaintiff,

v.

                                   Case No. 15-3075-JTM

DOUGLAS BURRIS, ET AL.,

     Defendants.

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Jeffrey Nelson, an inmate at Pontiac Correctional Center in Illinois, brings this civil rights action alleging violation of his right to due process and to be free from cruel and unusual punishment arising from his disciplinary conviction for possession of contraband while in Kansas. Because Nelson is a prisoner, federal statute requires this court to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a) and (b); 28 U.S.C. § 1915(e)(2)(B). Because Nelson has failed to assert a liberty interest that would be a basis for a due process claim or atypical and significant deprivations for a cruel and unusual punishment claim, the court dismisses this action.

## I.      Screening Standard

"To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." *Doe v. Bagan*, 41 F.3d 571, 573–74 (10th Cir. 1994). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations

in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## II.    Factual Background

Nelson alleges the following facts.[1] In 2008, Nelson was convicted of murder in the State of Kansas. In July of 2012, the Kansas Department of Corrections ("KDOC") transferred custody of Nelson to the Illinois Department of Corrections ("IDOC") pursuant to the Interstate Compact Agreement. The IDOC housed Nelson in a facility in Pontiac, Illinois.

On September 3, 2014, the IDOC transported Nelson to McPherson, Kansas for a court hearing. On September 10, McPherson County jailors found a cell phone in the common area of Nelson's assigned pod. They also reported finding a ball of yellowish substance in Nelson's single man cell, which a lab later determined was synthetic marijuana, and a thick packet of legal papers with a center section torn out that was the same dimensions as the cell phone. Dkt. 1 at 15-16, Offender Disciplinary Report dated 10/20/14.

On September 11, KDOC officials transferred Nelson to the Hutchinson Correctional Facility, where he remained until September 17. Later that day, Nelson was returned to the Pontiac facility's general population. On September 22, he was placed in segregation pending investigation of the contraband violations. Dkt. 1 at 5.

On October 21, IDOC officials issued him a disciplinary report for cellular communication contraband, drugs, and violation of Kansas state law. On October 23, Nelson went before an IDOC discipline hearing officer, who found him guilty of three violations: 1) possession of electronic contraband, 2) possession of synthetic marijuana, and 3) violation of

---

[1] Nelson attached his grievances and the prisons' responses and reports to the Complaint. The court has examined these exhibits and the claims and facts presented in his grievances. *Blevins v. Werholtz*, No. 09-3033-SAC, 2009 WL 539913, at *2 (D. Kan. Mar. 4, 2009) (Exhibits attached to the complaint may be considered by the court as part of the complaint.).

state or federal law. Nelson alleges he received the following discipline: one-year segregation, one-year loss of visitation, one-year loss of all privileges, and forfeiture of six months of good time served. Dkt. 1 at 5, 13; *compare with* Dkt. 1 at 18, Adjustment Committee Report, (1 year CGrade; 1 year segregation; revoke GCC or SGT 1 year; and 6 months contact visits restriction).

## III.    Analysis

Nelson filed this action against the following KDOC officials: the Secretary of Corrections (Ray Roberts), the Deputy Secretary for Facilities Management (Johnnie Goddard), the Risk Management Coordinator (Douglas Burris), and the Corrections Manager of Facility Management (Vickie Brungardt). He filed a similar action against IDOC officials in the United States District Court, Central District of Illinois, challenging the IDOC's jurisdiction over the violations, the sufficiency of the evidence, and the procedure used. *Nelson v. Stackey*, Case No. 15-cv-1098 (C.D. Ill. March 9, 2015). The Illinois court dismissed that action, finding Nelson's complaint failed to state a claim. *Id.,* Dkt. 9 (Merit Review Order filed May 5, 2015). That court concluded that: 1) "[b]eing placed into segregation based upon the disciplinary ticket issued in Kansas does not violate [Nelson's] rights[;]" 2) Nelson failed to allege restrictions that trigger any due process protections; and 3) the record demonstrated that the IDOC satisfied the due process requirements for prison disciplinary hearing as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).

In this case, Nelson argues that because he is a ward of the State of Kansas and the alleged violations took place in Kansas, he has been "confined to segregation for a long period of time without a hearing before the proper authorities." *Id.* at 6. He claims a one-year segregation sentence exceeds the maximum (45 days) allowed under the KDOC rules. *Id.* at 14. He alleges that he has filed multiple letters and grievances with defendants Burris and Goddard regarding

the legality of the IDOC discipline hearing with no response from either. *Id.* at 5-6. Defendant Vickie Brungard told Nelson that "[he] could not 'grieve' a disciplinary or classification decision." *Id.* at 10. Nelson requests return to a KDOC facility for a proper hearing, invalidation of the IDOC discipline, its expungement from his inmate records, return to general population within KDOC or a state other than Illinois, court costs, and $1,000 for each day he was confined in segregation since September 22, 2014. *Id.* at 9-10.

The court will not consider any claims or allegations that relate to the IDOC here. The IDOC changed Nelson's classification and placed him in segregation, not the KDOC. Thus, Nelson's claims against the KDOC officials are limited to their transfer of him to Pontiac and to the denial of his grievance objecting to the IDOC proceeding and results.

The court finds Nelson's complaint fails to state a claim upon which relief may be granted against the KDOC officials. The Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another, even if the prisoner is transferred to an institution with more severe rules. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 248, (1983) ("[A]n interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself."); *Jaben v. Moore*, 788 F.Supp. 500, 504 (D. Kan. 1992) (prisoner, serving Kansas sentence, has no right to be classified under Kansas guidelines following his transfer to Missouri); *Stewart v. McManus*, 924 F.2d 138 (8th Cir.1991) (Interstate Corrections Compact did not require application of Kansas disciplinary rules to Kansas inmate transferred to Iowa). Additionally, "the Due Process Clause does not impose a nationwide rule mandating transfer hearings." *Meachum*, 427 U.S. at 228. Finally, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th

4

Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). *See also Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir.2006) (Classification of a plaintiff into segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause.). In sum, Nelson did not establish a protected liberty interest and thus fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that this dismissal shall also count as a strike pursuant to 28 U.S.C. § 1915(g). *See Nelson v. Stackey*, Case No. 15-cv-1098 (C.D. Ill. May 5, 2015) (dismissal counted as one of the plaintiff's three allotted strikes).

**IT IS SO ORDERED** this 13th day of July 2016.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, Judge